# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MONTE J. GIST,

                Petitioner,

     -vs-

TIM BRUNSMAN, Warden,

                Respondent.

:

:

:

:

Case No. 3:09-cv-116

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

Petitioner was convicted by a jury in the Montgomery County Common Pleas Court of aggravated murder and aggravated burglary with a firearm specification on December 19, 2005 (Petition, Doc. No. 1, at ¶¶ 2(a), 5, 6(a) & (c). His conviction was affirmed by the Montgomery County Court of Appeals on October 12, 2007. *State v. Gist*, 2007 Ohio 5571, 2007 Ohio App. LEXIS 4893 (Ohio App. 2nd Dist. Oct. 12, 2007). The Ohio Supreme Court denied Petitioner leave to pursue an additional appeal. *State v. Gist*, 2008 Ohio 969, 200 Ohio LEXIS 626 (2008). The instant Petition followed.

Petitioner pleads two grounds for relief:

> **Ground One:** Appellant's conviction is against the sufficiency of the evidence, violating his [rights under the] 5th and 14th Amendments to the United States Constitution and Article 1, § 16 of the Ohio Constitution.

**Supporting Facts**: At the time of the trial, everyone [sic] of the State of Ohio witnesses was [sic] either drug addicts and/or had felony convictions. The State of Ohio relied on their testimonies to convict the Petitioner/ These testimonies was [sic] highly unreliable. Petitioner was convicted of complicity in aggravated murder. It is well settled in Ohio that regarding criminal culpability for mere presence at the scene of a crime. Mere association is not enough. The State of Ohio did not prove the Petitioner aid and abet in this alleged crimes. The State of Ohio never proved the Petitioner's mind state at the time of the shooting. In which the State had a duty to prove the mens rea element to convict the Petitioner.

(Petition, Doc. No. 1, p. 6-A.)

**Ground Two:** The trial court erred in sentencing Appellant in reliance on facts not determined by a jury nor admitted by Appellant, violating his 5th and 6th Amendment rights under the United States Constitution and Article 1, §§ 5, 16, to the Ohio Constitution.

**Supporting Facts:** The Petitioner was found guilty of the following:
Count 1 - aggravated burglary with forearm specification
Count 2 - aggravated burglary with firearm specification
Count 3 - aggravated murder with forearm specification
Count 4 - aggravated murder with firearm specification
Counts 1 & 2 merged together and Counts 3 & 4 merged together to be served consecutive to each other. Firearm specifications merged into one three-year sentence to be served prior to the other sentences. The Sixth Amendment to the United States Constitution guarantees a trial by jury and proof beyond a reasonable doubt prohibits determinate sentencing scheme that requires judicial fact-finding for the purposes of increasing the Appellant's sentence beyond that authorized without the additional facts. The Ohio sentencing scheme in force at the time of Petitioner's sentencing was unconstitutional to the extent that it permitted a sentencing court to impose a sentence exceeding the maximum term authorized by the facts admitted by the defendant or proved to a jury beyond a reasonable doubt. The Petitioner's sentence was based on findings mandated [by] unconstitutional legislation, deeming his sentence void.

(Petition, Doc. No. 1, at 7-A.)

The Montgomery County Court of Appeals summarized the evidence at trial as follows:

[*P3] The present appeal stems from a drug-related shooting at the

Parkside Inn, a Dayton-area motel. The incident occurred after the victim, Daniel Thomas, stole crack and powder cocaine, a pistol, and cash from Gist's mother's residence. Gist had allowed his friends, Jonathan Neely and George Billingsley, to sell drugs from the residence in exchange for a share of the profits.

[*P4]  After discovering the theft, Gist, Neely, and Billingsley determined that Thomas had committed the crime. They also discovered that he was staying at the Parkway Inn, a haven for drug dealers, addicts, and prostitutes. Upon arriving at the motel, Billingsley learned from Hope Hatton, a prostitute, that Thomas was staying in room 201. Hatton also told Billingsley that Thomas had crack and powder cocaine as well as a gun. Gist later arrived at the Parkway Inn and met with an individual named Eric Ross. Gist then located Hatton, who led the two men to Thomas' room on the second floor. When they reached Thomas' door, Gist and Ross took flanking positions on opposite sides of it. Thomas opened the door when Hatton knocked. Gist and Ross then rushed the door, and Thomas was fatally shot. At trial, the State presented testimony from two eye-witnesses, William Jones and Jessica Cartajena, who identified Gist as the shooter. In addition, three other witnesses, Keith Peoples, Margaret Jackson, and Kristie Thomas, testified that Gist later admitted killing Thomas. Gist testified in his own defense and admitted being outside Thomas' door. But he denied shooting Thomas, having any knowledge that a shooting would occur, or making any admission that he had killed Thomas. The jury nevertheless found Gist guilty on two counts of aggravated murder and aggravated burglary with accompanying firearm specifications. The trial court merged the two aggravated murder counts and imposed a sentence of life in prison with parole eligibility after twenty years. The trial court likewise merged the two aggravated burglary counts and imposed a sentence of ten years in prison. The trial court also merged four firearm specifications and imposed an additional three-year sentence. Finally, the trial court ordered the foregoing sentences to be served consecutively, resulting in an aggregate sentence of life with parole eligibility after thirty-three years.

*State v. Gist*, 2007 Ohio App. LEXIS 4893 *2-3.

In deciding Petitioner's sufficiency of the evidence claim, the Court of Appeals held:

[*P10] In his challenge to the sufficiency of the evidence, Gist asserts that he was not the shooter and that the State failed to establish his awareness of a "plan to murder Daniel Thomas before [**7] the shooting occurred." According to Gist, he did not know that anyone had a gun or that a murder had been planned. Therefore, he contends the State presented legally insufficient evidence to prove that he aided or abetted in the aggravated murder or aggravated burglary.

[*P11] When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Hawn* (2000), 138 Ohio App.3d 449, 471, 741 N.E.2d 594. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus.

[*P12] Viewing the evidence in a light most favorable to the State, a rational trier of fact could have found Gist guilty of aggravated murder, aggravated burglary, and the firearm specification. The fact that Gist might not have been the shooter is largely immaterial because the State prosecuted him as an aider and abettor. To establish complicity by aiding and abetting, "the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." *State v. Johnson,* 93 Ohio St.3d 240, 2001 Ohio 1336, 754 N.E.2d 796, syllabus.

[*P13] The record contains sufficient evidence, including eyewitness testimony, to support a finding that Gist aided and abetted in the aggravated murder and aggravated burglary. Even if Gist's

companion Ross was the actual shooter, the State's evidence established, at a minimum, that he took a flanking position beside Thomas' door and forcibly entered the room when the shooting occurred. The State also presented evidence that Gist went to the Parkway Inn with knowledge that his companions intended to harm Thomas. Prior to the shooting, Gist told an acquaintance at the Parkway Inn that he was there "to take care of some business." In short, the record contains ample evidence to support Gist's convictions for aggravated burglary and aggravated murder on an aiding and abetting theory. This is true even if, as Gist argues, there was no preexisting plan to murder Thomas. The State did not charge Gist with aggravated murder by prior calculation and design. It charged him with aggravated murder based on a killing in the course of an aggravated burglary. Finally, we note that Gist's firearm specification was appropriate even if he only aided and abetted the actual shooter. See, e.g., *State v. Chapman* (1986), 21 Ohio St.3d 41, 21 Ohio B. 327, 487 N.E.2d 566; *State v. Rhubert* (Oct. 12, 2001), Greene App. No. 2001 CA 62, 2001 Ohio 1453. Gist's first assignment of error is overruled.

*Id.* at *8-9.

In deciding Petitioner's claim regarding unconstitutional sentencing, the Court of Appeals

held:

[*P14] In his second assignment of error, Gist claims the trial court sentenced him in violation of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403, and *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470. Gist argues that the trial court violated *Blakely* and *Foster* by making the factual findings necessary to impose a maximum sentence for aggravated burglary and to run his sentences consecutively. In response, the State asserts that Gist failed to object to his sentence on Sixth Amendment grounds and, therefore, waived any error.

[*P15] Upon review, we find the Ohio Supreme Court's recent ruling in *State v. Payne*, 114 Ohio St.3d 502, 2007 Ohio 4642, 873 N.E.2d 306, to be dispositive. In Payne, the majority held that a defendant's failure to object to judicial fact-finding at sentencing forfeits the issue for appeal if the sentencing occurred after Blakely was decided. 2007 Ohio 4642, at P31. In the present case, Gist was sentenced after Blakely and did not raise an objection to judicial fact-finding at sentencing. Therefore, he forfeited the issue for appellate purposes. Although plain-error analysis remains available,

a trial court's violation of *Blakely* and *Foster* does not constitute plain error under Crim.R. 52(B). Id. at P25-26. Accordingly, we overrule Gist's second assignment of error.

## Analysis

### Ground One for Relief

In his first Ground for Relief, Petitioner asserts that he was convicted on constitutionally insufficient evidence. Insofar as Petitioner relies on the Federal Constitution for this claim, he states a claim upon which relief can be granted in habeas corpus. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).

As noted, the Montgomery County Court of Appeals decided this claim on the merits as part of Petitioner's first assignment of error on direct appeal.[1] The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
>> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

---

[1]The other portion of the first assignment of error was a claim that the conviction was against the manifest weight of the evidence. This is a claim only cognizable under Ohio law and Petitioner has not repeated it in his Petition.

court proceedings unless the adjudication of the claim--

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v.*

> *Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005).

In this case, the state Court of Appeals applied the same standard required by the Fourteenth Amendment:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6ᵗʰ Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). While that court did not cite Jackson, it relied directly on *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), which states exactly the same standard.

The Court of Appeals application of this standard was not an objectively unreasonable application of *Jackson v. Virginia*. There were two eyewitnesses who testified that Petitioner was the actual shooter. Aside from that, there was testimony he took a flanking position at the door of the motel room. Obviously, it was necessary to find Petitioner had the requisite mental state, but the jury could properly have inferred that from his behavior, including telling another person that he was there "to take care of some business."

Petitioner's first Ground for Relief is without merit and should be denied with prejudice.

## Second Ground for Relief

In his second Ground for Relief, Petitioner asserts he was sentenced to a maximum term and consecutive terms of imprisonment on the basis of facts found by the trial judge which had not been found by the jury beyond a reasonable doubt. This claim is also cognizable in federal habeas corpus: Any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* renders the Ohio sentencing scheme unconstitutional. *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006).

However, when Petitioner presented this claim to the Court of Appeals on direct appeal, they declined to consider it on the merits because Petitioner had made no objection at the trial court level. The United States Supreme Court has held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.

*Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);

*Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

The Sixth Circuit Court of Appeals requires a four-part analysis of whether a habeas claim

is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir.

2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138. Ohio, like most States and the federal courts, has a contemporaneous

objection rule requiring that objections be made to error at a time when the trial court can cure them.

The Sixth Circuit has repeatedly held that Ohio's contemporaneous objection rule — that parties

must preserve errors for appeal by calling them to the attention of the trial court at a time when the

error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1969), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998) — is an adequate and independent state ground of decision. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Cott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

Because Petitioner procedurally defaulted in presenting his second Ground for Relief to that state courts, he is barred from obtaining review of its merits in this Court.

## Conclusion

On the basis of the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Court of Appeals that any appeal would be frivolous, thus precluding *in forma pauperis* status on appeal. March 30, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of

law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Gist Habeas R&R.wpd