# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MONTE J. GIST,

           Petitioner,

-vs-

TIM BRUNSMAN, Warden,

           Respondent.

:

:

:

:

Case No. 3:09-cv-116

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 6) to the

Magistrate Judge's Report and Recommendations (Doc. No. 4) which recommended that the Petition

be dismissed with prejudice on initial review under Rule 4 of the Rules Governing § 2254 Cases.

The General Order of Reference for the Dayton location of court permits a magistrate judge

to reconsider decisions or reports and recommendations when objections are filed.

In his first objection, Petitioner notes that the Report recommends dismissal without ordering

an answer and quotes an excerpt from the Advisory Committee Notes which he says support always

ordering an answer in habeas cases. Actually, in the full paragraph from the Notes, the Advisory

Committee rejects the idea of ordering an answer in every case:

> It has been suggested that an answer should be required in every
> habeas proceeding, taking into account the unusual petitioner's lack
> of legal expertise and the important function served by the return.
> See Developments in the Law - Federal Habeas Corpus, 83 Harv. L.
> Rev. 1038, 1178 (1970). However, under § 2243 it is the duty of the
> court to screen out frivolous applications and eliminate the burden

-1-

> that would be placed on the respondent by ordering an unnecessary
> answer. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970). In
> addition, "notice" pleading is not sufficient, for the petition is
> expected to state facts that point to a "real possibility of constitutional
> error." See *Aubut v. State of Maine, 431* F.2d 688, 689 (1st Cir.
> 1970).

1976 Advisory Committee Note to Rule 4. Thus Rule 4 actually supports, indeed requires, screening habeas cases upon filing and before an answer is ordered.

Petitioner notes that he did not "receive any parts of the record the Honorable Magistrate Judge is referencing in his report and recommendations." (Objections at 2.) The only portions of the state court record cited in the Report are those which appear in the reported opinion of the Court of Appeals on direct appeal in this case, a document which is available to the Court through electronic legal research with LEXIS and which should have been furnished to Petitioner by his attorney when the Court of Appeals decided the case. A copy of that decision is being furnished to Petitioner with his copy of this Supplemental Report.

**Ground One**

In his first Ground for Relief, Petitioner argued that there was insufficient evidence on which to convict him. The Report and Recommendations quotes the Court of Appeals opinion on this claim which cited the evidence which was presented and applied the appropriate federal constitutional standard from *Jackson v. Virginia*, 443 U.S. 307 (1979): was the evidence, when construed most strongly in favor of the prosecution, such that a rational juror could have found guilt beyond a reasonable doubt? As the Court of Appeals noted, there were two eyewitnesses who identified Petitioner as the person who actually fired the fatal shots. Petitioner was not tried as a

conspirator, but as an actual participant in the crime. Of course, the State had to prove Petitioner

had the required mental state for the crime, but it is entirely proper for a jury to infer intent to kill

from testimony that a particular person is the one who fired the gun. The fact that Petitioner

regarded all the witnesses against him as unreliable because of drug addiction or felony convictions

is irrelevant, since they were legally competent witnesses and the jury chose to believe them.


**Ground Two**


In Ground Two, Petitioner raised a claim under *Blakely v. Washington*, 542 U.S. 296 (2004),

and *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470 (2006). The Court of

Appeals held that a *Blakely* claim is forfeited if sentencing occurred after *Blakely* and no

contemporaneous objection was made, relying on *State v. Payne*, 114 Ohio St.3d 502, 2007 Ohio

4642, 873 N.E.2d 306 (2007). In the Report and Recommendations, the Magistrate Judge concluded

this claim was procedurally defaulted on the basis of the Court of Appeals' ruling, relying on the

governing standard of procedural default in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Petitioner now says his procedural default should be excused because it was ineffective

assistance of counsel for his trial attorney not to make the contemporaneous objection that *Blakely*

was not being followed. It is true that ineffective assistance of trial counsel can serve as excusing

cause for a procedural default, but the ineffective assistance claim is itself subject to procedural

default. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Because this particular claim of ineffective

assistance of trial counsel can be shown by the trial record without outside proof, this claim could

have been raised on direct appeal, but was not. Therefore, Petitioner has procedurally defaulted in

presenting his claim of ineffective assistance of trial counsel and it cannot be relied on to excuse the

failure to make a contemporaneous objection under *Blakely* at the time of sentencing. Petitioner

suggests that this Court remand the case to the Court of Appeals to determine if trial counsel

provided ineffective assistance, but this Court does not sit in an appellate capacity as to the

Montgomery County Court of Appeals and has no power to remand this case to that court.

## Conclusion

Having considered Petitioner's Objections, the Magistrate Judge again respectfully

recommends that the Petition be dismissed with prejudice and that any request for a certificate of

appealability or to appeal *in forma pauperis* be denied.

May 26, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).